IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH KIM, ) | |
| ) | Civil Action No. 1:24-67 |
| Plaintiff, ) | |
| v. ) | |
| ) | Judge Cathy Bissoon |
| NICHOLAS C. MOBILIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**I.  MEMORANDUM**

Plaintiff's three-count Complaint (Doc. 1) asserts Section 1983 First Amendment Retaliation claims against Defendants in their individual and official capacities (Counts 1 & 2), as well as a state-law False Light Invasion of Privacy claim against Defendant Mobilia (Count 3), alleging that she was unfairly targeted in retaliation for actions including refusal to take down a Facebook post she made criticizing Superintendent Hartzell for certain behavior during the first-day-of-school drop-off.  Defendants have filed a Motion to Dismiss Plaintiff's Complaint in its entirety for Failure to State a Claim (Doc. 7).  For the reasons set forth below, Defendants' Motion to Dismiss will be granted.

**A.  Background**

Taking the Complaint's allegations as true, Plaintiff asserts that Superintendent Hartzell was assisting in the school drop-off line on the first day of school when, at some point, Plaintiff stopped her car to allow her children to exit.  After Plaintiff failed to move her car as the cars in front of her proceeded, Hartzell "quickly exited the school doors, frantically waved her arms, and yelled loudly and repeatedly at Kim to move her vehicle forward, despite the fact that Kim's children were still exiting the vehicle."  School video surveillance captured this incident.  *See*

Compl. ¶¶ 9-21.  Later that day, Plaintiff posted about the incident on Facebook, stating that Hartzell never helps with school drop-off, that her appearance there on the first day was a "show," and that she failed to meet district behavior policies.  Compl. Ex. A.  Hartzell responded to the post via an email to Plaintiff in which she asked Plaintiff to remove the post, consider using kinder language and contact her directly with any future issues.  Hartzell also offered to meet with Plaintiff.  Compl. Ex. B.  Plaintiff replied to Hartzell's email indicating, *inter alia*, that she would not remove the post, that she had no qualms about embarrassing Hartzell, that Hartzell's behavior was appalling and unprofessional and that she had a feeling "this won't be our last chat."  See id.

At some point after this incident, Plaintiff alleges that Defendant Mobilia, in his capacity as the school board president, requested the surveillance footage of the drop-off line incident, and that the Board of School Directors reviewed and discussed the video.  The Complaint further asserts that Mobilia showed the video footage to non-school board members at his personal place of business (Arrowhead Wine Cellars) and used a non-district computer to access the video.  Plaintiff contends that, when showing other individuals the video, Mobilia denigrated her, ridiculed her, solicited criticism of her and sought to publicly humiliate her for her Facebook post and for other conduct critical of Hartzell and the Board.  See Compl. ¶¶ 22-39.

    B. First Amendment Retaliation

Count 1 of the Complaint contends that Defendant Hartzell retaliated against Plaintiff for her protected conduct by "complaining about Kim to Mobilia and other members of the Board of Directors of the District, as well as (it is believed, and therefore averred) members of the public, denigrating Kim to them, defaming Kim, portraying her in a false light and encouraging them to speak out against Kim both publicly and privately."  Compl. ¶ 49.  The Complaint alleges that

Defendant Mobilia retaliated against Plaintiff for her protected conduct by "sharing the video footage of the incident with many others, including members of the public, denigrating and defaming Kim, and soliciting and encouraging criticism of Kim in an attempt to publicly humiliate her."  Compl. ¶ 50.  Count 2 of the Complaint asserts the same claims against Defendants in their official capacities, alleging that the actions Defendants Hartzell and Mobilia took against Plaintiff in response to her protected conduct constitute a custom, practice or policy of the district, specifically, a policy or custom "of allowing District policymakers unfettered access to school surveillance video footage" and "of not requiring District policymakers to access school surveillance footage only on school-issued computers or school networks."  Compl. ¶¶ 65-70.

The parties agree that a First Amendment retaliation claim requires that a plaintiff allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising her constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action.  *See* Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006).  The only element at issue here is prong two – whether the Complaint alleges retaliatory action sufficient to deter a person of ordinary firmness from exercising her First Amendment rights.  This the Complaint has failed to do.

Although the retaliatory element of prong two "need not be great," it must be more than *de minimis*.  *See* Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000).  This *de minimis* standard requires that the alleged retaliatory actions constitute more than "criticism, false accusations or verbal reprimands."  Brennan v. Norton, 350 F.3d 399, 419 (3d Cir. 2017).  This prong narrows further in cases, such as this, "[w]here a public official's alleged retaliation is in the nature of speech."  Noonan v. Kane,  698 F. App'x 49, 53 (3d Cir. 2017).  "[I]n the absence

of a threat, coercion or intimidation intimating that punishment, sanction, or adverse regulatory action will immediately follow, such speech does not adversely affect a citizen's First Amendment rights, even if defamatory." Id.

The alleged retaliatory actions in Plaintiff's Complaint include: spoken criticism by public officials, distribution of video footage and the solicitation of criticism from private citizens. The Court agrees that the spoken criticism alleged in the Complaint does not approach the level of threat, coercion or intimidation as required. In addition, the Court agrees with Defendants that the remaining retaliatory conduct as alleged – distribution of video footage and the solicitation of criticism of others – is not objectively sufficient to deter an individual of ordinary firmness from exercising their constitutional rights.

Accordingly, Defendants' Motion to Dismiss Counts 1 and 2 of the Complaint will be granted, with leave to amend.

## II.  ORDER

For these reasons, the Motion to Dismiss filed by Defendants **(Doc. 7)** is **GRANTED** as it relates to the federal claims set forth in Counts 1 and 2 of the Complaint, and the Court will decline to exercise supplemental jurisdiction over the remaining state-law claim at Count 3. *See* Shaffer v. Bd. of Sch. Dirs. of the Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir.1984) (stating that, absent extraordinary circumstances, the district court should ordinarily refrain from exercising supplemental jurisdiction where the federal causes of action are dismissed). Given that the deficiencies above conceivably may be cured by amendment, however, Plaintiff hereby is granted leave to file an amended complaint on or before **January 10, 2025**. Should Plaintiff choose to amend, she must be prepared to make last, best efforts to state viable claims, because additional leave will not be granted. Finally, if amendment is not

timely-filed, Plaintiff will be deemed to stand on her current pleadings, and final judgment will be entered (without prejudice to Plaintiff pursuing her remaining claim in state court).

    IT IS SO ORDERED.

December 31, 2024                                  s/Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States District Judge

cc (via ECF email notification):

All Counsel of Record